UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
HOLLY M. SKRABLE and SCOTT SKRABLE :  **ORDER GRANTING MOTION TO**
: **DISMISS WITHOUT PREJUDICE**
Plaintiffs, :
:
-against- : 10 Civ. 1395 (AKH)
:
AETNA INSURANCE COMPANY, :
:
Defendant. :
:
-------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

    Defendant Aetna Insurance Company moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint brought by plaintiffs Holly and Scott Skrable. The motion, which is unopposed, is granted.

    Holly Skrable participated in a health benefit plan sponsored by her employer, All-State Fence Company, and administered by Aetna. In September 2008, she visited Dr. Leslie Cauvin for a gynecological examination, where Dr. Cauvin performed a PAP Smear. After reviewing the PAP Smear results, Dr. Cauvin recommended that Holly undergo a Pelvic CT scan. Aetna determined a Pelvic CT scan was not medically necessary, however, and denied the claim. On December 5, 2008, Holly was diagnosed with cervical cancer, and underwent a hysterectomy three weeks later.

    Plaintiffs filed a complaint against Aetna in Supreme Court, New York County, alleging four causes of action: (i) breach of fiduciary duty for failing to use "good faith and reasonable standards in deciding whether or not to approve or deny Holly's claim under the health insurance policy"; (ii) breach of contract for failing to use the same good faith and reasonable standards when considering her claim; (iii) negligent infliction of emotional distress due to the impact of the denial of the claim; and (iv) an independent claim for punitive

1

damages on the ground that defendant exercised arbitrary and capricious decisionmaking. Skrable v. Aetna Ins. Co., Index No. 117133109 (N.Y. Gen. Term. Dec. 12, 2009). Defendant removed the action to this Court, then moved to dismiss the complaint on the ground that ERISA preempts plaintiffs' claims. After several months, the motion remains unopposed.[1]

A district court may not grant a Rule 12(b)(6) motion simply because it is unopposed, but must review the merits of the motion and decide if the movant has met its burden. See McCall v. Pataki, 232 F.2d 321, 322-23 (2d Cir. 2000) ("If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal."). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation omitted).

The complaint must be dismissed for failure to state a claim upon which relief can be granted. A complaint asserting state-law claims that arise out of a beneficiary plan is properly removed to federal court, and must thereafter be dismissed, if the claims are preempted by ERISA § 514(a) and also fall within ERISA's civil enforcement provision, ERISA § 502(a). Romney v. Lin, 94 F.3d 74, 78 (2d Cir. 1996) (internal quotation omitted). In this case, plaintiffs' complaint is preempted by ERISA § 514(a). See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47 (1987). Moreover, the claims come within the civil enforcement provision of the statute, ERISA § 502(a). See Romney, 94 F.3d at 80;

---

[1] Defendant filed its Rule 12(b)(6) motion on March 9, 2010. On June 22, 2010, plaintiffs' attorney informed the Court he had not received a copy of the motion and sought an extension of time to respond. The Court granted a thirty-day extension on June 28, 2010. Thereafter, on June 30, 2010, plaintiffs' counsel wrote to the Court that he could no longer represent his clients because of injuries he had sustained in a recent car accident. The Court gave counsel the remainder of the extension period to respond to Aetna's Rule 12(b)(6) motion and also noted that a further extension of time to respond might be available if the Skrables needed to acquire new counsel. Since that time, no new counsel has appeared and the motion has gone unanswered.

Smith v. Dunham-Bush, Inc., 949 F.2d 6, 11 (2d Cir. 1992). For these reasons, it must be dismissed.

The complaint is dismissed without prejudice to a re-filing within twenty days. Any new pleading must properly allege that plaintiffs have exhausted all remedies provided under the beneficiary plan, and must seek appropriate relief as provided in 29 U.S.C. § 1132. See Gerosa v. Savasta & Co., Inc., 329 F.3d 317, 321-22 (2d Cir. 2003). If plaintiffs fail to re-plead properly, or to move for an extension of time together with a showing of cause, I will dismiss the complaint.

SO ORDERED.

Dated:  September 21, 2010
        New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3